UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCINDA J. DARRAH,

    Plaintiff,

vs.

Case No. 19-11535

BRENDA JONES, et al.,

HON. AVERN COHN

    Defendants.

_____/

## ORDER OF DISMISSAL AND DIRECTING CLERK TO RETURN THE FILING FEE TO PLAINTIFF

I.

Plaintiff, Lucinda J. Darrah, proceeding pro se, filed a complaint naming members of the Detroit City Council, the Mayor's office, the Detroit Building Authority, and the City's Clerk's office.[1] For the reasons that follow, the complaint will be dismissed. The Clerk will also be directed to return the filing fee to plaintiff.

II.

"[A] district court may, at any time, sua sponte dismiss a complaint for lack of

---

[1] The defendants are: Brenda Jones (Detroit City Council President), Scott Benson (Detroit City Council), Jill Bryant, (Detroit Building Authority), Raquel Castenada-Lopez (Detroit City Council), Maurice Cox (Director of Detroit Planning and Development Department), George Cushingberry (Detroit City Council President Pro Temp), Mike Duggan (Mayor), Jano Hanna (Detroit Land Authority), Arthur Jemison (Housing Revitalization Dept. Director, State Prison of Southern Michigan), Tom LeWand (Mayor's Office), Gabe Leland (Detroit City Council), Alvin Mitchell (HRD Public Private Specialist), Donald Reacher (Mayor's Office), Mary Sheffield (Detroit City Council), Andrew Spivey (Detroit City Council), James Tate (Detroit City Council), Matt Walters (Detroit Mayor's Office), David Williams (Mayor's Office), and Janice Winfrey (Detroit City Clerk).

subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, et al. 183 F.3d 477, 479 (6th Cir. 1999). When reviewing pro se papers, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972).

III.

The Court has reviewed the complaint. It is virtually unintelligible. From what can be gleaned, plaintiff says she was wrongfully denied an opportunity to bid on and/or purchase a vacant lot next to her property which she says she maintained for several years. Plaintiff says she wanted to make the lot a green space. The City exercised its "right of first refusal" and directed the City Council to remove the lot from auction. The lot was then sold to another entity - Midtown Inc. - who "flipped" the lot to another entity - Peterboro Properties. She says this was done in violation of her right to equal protection, free speech and because of her age (not specified), race (not specified). For relief, plaintiff asks the Court to award her the lot.

IV.

While plaintiff cites "1983" as a basis for jurisdiction, the complaint fails to allege a plausible claim against any of the defendants. She does not indicate, for example, in what capacity she is suing defendants or allege any particular allegations of wrongdoing as to any of the defendants. The Court cannot discern a viable federal claim in plaintiff's papers. As such, the complaint is subject to dismissal for lack of subject matter jurisdiction.

2

## V.

In sum, even under a liberal pleading standard, the complaint fails to articulate a viable claim against defendants or establish a basis for federal jurisdiction. Accordingly, the complaint is DISMISSED.

The Clerk shall RETURN the filing fee to plaintiff.

SO ORDERED.

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 6-4-19
Detroit, Michigan